```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
ALBERT OMAR YOUNG,                                    :
                                                      :
                        Petitioner,                   :     15-CV-4545 (JMF)
                                                      :
        -v-                                           :     MEMORANDUM OPINION
                                                      :            AND ORDER
OSCAR AVILES, et al.,                                 :
                                                      :
                        Respondents.                  :
                                                      :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/29/2015

JESSE M. FURMAN, United States District Judge:

This is the second petition for *habeas corpus* brought by Petitioner Albert Omar Young challenging his detention by immigration authorities (the "Government") under the mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c) ("Section 1226(c)").  Young, a citizen of Jamaica and permanent resident of the United States, was detained by immigration officials on August 28, 2015, approximately four months after he had been released from criminal custody.  (Gov't's Return (Docket No. 9), Ex. C ("Flanagan Decl.") ¶ 3).  Young's first petition, filed on December 2, 2014, alleged that he was not subject to mandatory detention under Section 1226(c) — and was therefore entitled to an individualized bond hearing pursuant to Section 1226(a) — because he had not been detained by immigration officials immediately upon his release.  *See Young v. Aviles*, — F. Supp. 3d —, No. 14-CV-9531 (JMF), 2015 WL 1402311, at *1-2 (S.D.N.Y. Mar. 26, 2015) ("*Young I*").  In addition, Young contended that the length of his detention violated the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  *See id.* at *2, 8.  In an Opinion and Order entered on March 26, 2015, familiarity with which is presumed, the Court held that the mandatory detention provision does indeed apply to Young and, more relevant here, that the length of Young's

detention — at that point about seven months — did not yet violate the Due Process Clause. *Id.* at \*6, 10.  Accordingly, the Court denied Young's petition "without prejudice to a renewed petition if or when his detention becomes unreasonably prolonged." *Id.* at \*1.  On June 11, 2015, still in immigration detention and having not been given a bond hearing, Young filed the instant petition (the "Petition") arguing that the length of his detention now violates the Due Process Clause.  (Docket No. 1; *see* Pet'r's Mem. Law Supp. Pet. Writ Habeas Corpus ("Pet'r's Mem.") (Docket No. 4) 6-10)).[1]  The Court agrees, and so the Petition is GRANTED.

In *Young I*, this Court joined many other courts, including several in the Second Circuit, in holding that, "at some point, detention without a hearing offends the Due Process Clause." 2015 WL 1402311, at \*9.  As the Court explained, determining whether detention violates the Due Process Clause requires "'a fact-dependent inquiry that will vary depending on individual circumstances.'"  *Id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)). The length of the detention is obviously a significant factor, "although 'the sheer length of the proceedings is not alone determinative of reasonableness.'"  *Id.* (quoting *Debel v. Dubois*, No. 13-CV-6028 (LTS) (JLC), 2014 WL 1689042, at \*5 (S.D.N.Y. Apr. 24, 2014), and citing cases). Other relevant factors include "which party bears responsibility for the prolonged detention, whether the continued duration of the detention is finite or near conclusion, and the interests served by continued detention.'"  *Id.* (quoting *Johnson v. Orsino*, 942 F. Supp. 2d 396, 409 (S.D.N.Y. 2013)); *see Debel*, 2014 WL 1689042, at \*5 (stating that "the principal factor considered in constitutional review of detention pending removal proceedings is the degree to

---

[1] Young also claims that he has a "substantial challenge to removability." (Pet'r's Mem. 6; Pet'r's Response Rspt.'s Opp'n Writ Habeas Corpus (Docket No. 11) ("Pet'r's Reply") 5).  His only "challenge," however, is an application for cancellation of removal, which is "not a challenge to removability, but rather a request for discretionary relief."  *Young I*, 2015 WL 1402311, at \*8.

which the proceedings have been prolonged by unreasonable government action"). Applying those factors in *Young I,* the Court concluded that Young's detention — at that point, as noted, seven months long — did not violate the Constitution. The Court explained that "there [was] no evidence that the immigration authorities ha[d] unreasonably prolonged Young's removal proceedings," and nothing in the then-existing record suggested that Young would be held much longer, let alone indefinitely. *Young I*, 2015 WL 1402311, at *10 (quoting *Debel*, 2014 WL 1689042, at *6). Significantly, however, the Court noted that whether Young's continued detention without a bond hearing had yet "crossed the line into a due process violation" was "a close call." *Id.* at *10.

It is still a somewhat close call, but the Court concludes that Young's detention now falls on the other side of the constitutional line for three principal reasons. First, since *Young I*, four additional months have passed, so Young has now been detained for approximately eleven months. Although, as noted above, "the sheer length of the proceedings is not alone determinative of reasonableness," *Young I*, 2015 WL 1402311, at *9 (quoting *Debel,* 2014 WL 1689042, at *5), eleven months is materially longer than the period of time that the Court found to present a "close call" in *Young I*, and several courts in this Circuit have found detentions considerably shorter than that to be impermissible. *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 545 (S.D.N.Y. 2014) (more than six months); *Monestime v. Reilly*, 704 F. Supp. 2d 453, 459 (S.D.N.Y. 2010) (eight months); *see also Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 477 (3d Cir. 2015) (finding that a nine-month period "strain[ed] any common-sense definition of a limited or brief civil detention"). Second, Young's detention will continue for several more months, if not more. Young was previously scheduled to have a hearing on his request for discretionary relief on June 11, 2015, but that hearing was rescheduled to November

3

16, 2015 — nearly five months later. (Flanagan Decl. ¶¶ 18-19). By that time, Young will have been detained for fourteen months — and, depending on the outcome of the hearing (or whether it even happens on that date), his detention is likely to continue beyond that date. Finally, although some of the delay is attributable to Young's own requests for adjournments (*see* Flanagan Decl. ¶¶ 7-8, 10; Respt.'s Mem. Law Opp'n Pet. Writ Habeas Corpus (Docket No. 10) 6-7), responsibility for the most substantial part of the delay — from June to November — lies with the Government, as the hearing was adjourned as a result of the retirement of the immigration judge handling Young's case. (Flanagan Decl. ¶¶ 18-19). In light of those developments since *Young I*, the Court concludes that Young's detention has become unreasonably prolonged, and that he is entitled to a bond hearing as a matter of due process.

The only remaining issue is who should conduct that hearing. Citing a few out-of-Circuit cases, Young asks this Court to conduct the bond hearing itself. (Pet'r's Mem. 10-11 (citing a case from the Middle District of Pennsylvania and the Third Circuit); Pet'r's Reply 5-6 (similar)). But whether or not the Court has authority to conduct such hearing — an issue the Court need not decide here — Young has given no reason why the Court should do so. Courts in this Circuit routinely order the Government to provide a bond hearing, *see, e.g.*, *Bugianishvili v. McConnell*, No. 15-CV-3360 (ALC), 2015 WL 3903460, at *9 (S.D.N.Y. June 24, 2015); *Minto v. Decker*, — F. Supp. 3d —, 14-CV-7764 (LGS) (KNF), 2015 WL 3555803, at *7 (S.D.N.Y. June 5, 2015), and the Court sees no reason to depart from this general practice. Accordingly, the Petition is GRANTED. Within **seven calendar days** of the date of this Order, the Government shall provide Young with an individualized bond hearing to determine whether his continued detention is justified. Should it fail to do so, the Government shall release Young from detention forthwith.

The Clerk of Court is directed to close the case.

SO ORDERED.

Date: July 29, 2015
New York, New York

JESSE M. FURMAN
United States District Judge

5